Peck. J.
delivered the opinion of the court.
The first question to he considered is, whether the plaintiffs are entitled to the benefit of their several aver-ments in the declaration, as brought forward by the plaintiffs in this case; the averments must he taken as particular, in contradistinction to general. The office of these special averments is to bring to the view of the court, that which otherwise Would not even by implication appear; and while the averment is necessary to make out the right of him who would use it, it must be consistent with the other statements which the plaintiffs set up. Dyer, 146.
The averment being the allegation of the party, can only be used to aid in letting in such matters of fact, proper to be proved, as could not be shown without it. One cannot aver against the existence of a recited statute, nor against the proceedings of a court of record, nor to that. *481 which is contrary to the bond declared on. To know , ■» i • « ill-what may be averred, it is necessary to look to the evidence the averment proposes to let in, and ‘see if it be admissible. The averment may, it is true, cure an ambiguity, arising upon the face of a deed; but if the deed upon its face be plain, to aver against or inconsistent with it, would be to create an ambiguity. Therefore, the law disallows it.
These rules being premised, it is proper to recur to the' averment objected to in the declaration. “The first is, that in drawing the condition to the obligation, and in reciting therein the names of the complainants, the name of Caleb Job, one of the obligors, was inserted by mistake, and that the name of Ephraim Perkins should have been inserted instead thereof, said Job being dead.
The other averment is this, “that in entering the record of the decree last mentioned upon the minutes of the su-> preme court, the name of Caleb Job was put down and recorded, when in fact the name of Ephraim Perkins should have been inserted in the place of said Job.”
What are the effects of these averments? The object or effect is to change the import of the obligation, and to direct enquiry to matters aside from those directly contained in it. Then the demurrer filed by the plaintiffs would reach their own declaration. It is certainly a fair inference, that the obligors understood for what they were bound; the language of the obligation, and all its recitals, are their own. When drawn, and so tendered, it was the' folly of the obligors to receive it. I am aware it is common to say, that taking such bonds are the acts of the court; but it cannot escape observation that the parties are pre-> se ‘ when these bonds are taken, and therefore, subject to objection and correction before executed and received. So that there can be no pretence for latitude of construction to reach supposed merits, or cure alleged hardships; they therefore stand, when put in action, as other obligations. The argument,'that the appeal, by reason of the *482 bond, (such as it was) taken to the supervising court, and ^ appellants thereby have had the benefit thereof, and complainants delayed, cannot change the law. It is no argument for admitting a principle, which, if carried out, will have the effect, in the language of the books, of making bonds hollow, by means of proofs at war with the tenor and meaning deducible from the face of the instrument, under averments, which make other parties, and create other liabilities, than those within the contemplation of the party executing the same.
As the evidence is inadmissible, the averment was improper. So far, we have considered the case upon the-question of evidence, aside from that admissible upon the issue joined on, the plea of nul tiel record. Can the evidence in support of this issue be received? It is confessed in the declaration, that the bond recites parties to the decree different from those presented in the record; and that to make them consistent, the name of Perkins should have been put in the place of Job, who was dead. The record is relied upon by the plaintiff to make out his case; his right to recover, and the measure of that recovery, depend upon it; hence he has to own its existence and continuance in force. The authorities are abundant to show that there is a failure of record. In debt, on a judgment, a variance as to the name of any party, his abode, or addition, will be fatal on nul tiel record. 1 Roll. 654. So in debt on a judgment against Hamilton Fanning, Esq., and on nul tiel record, the judgment produced was against the right honorable Hamilton Fenning, Earl of Wigton, having the privilege of peerage, the variance was fatal, 7 T. R. 447. So, too, the variance between Edmond Darby and Edward Darby held fatal, although he was the person against whom a commission of bankruptcy had issued, 7 Taun. 399, and not the party to the suit. So, if a recognizance be, to appear and answer for beating one so, that he died, and the declaration be for beating one merely, held fatal. Wharton’s Digest, 464, an American *483 case. So, a declaration on a judgment against A. S. and D. G., was held not to be supported on nul tiel record, by a judgment against A. S. and D. G. jr.,.
Thus we might add cases almost without number in support of the rule. A stronger case to illustrate it than the one before us cannot be produced. Suppose the fact to be', that on the day of the execution of the bond, the decree had been entered in favor of Job, the deceased, person,, that it was done with a view to the appeal, and that the appeal was taken for that cause, the fact of the death lying within the knowledge of the appellants, when afterwards the defect was cured by making Perkins, his representative, a party, and a new decree followed. Who cannot hut see that the bond became nugatory by the act of the complainants? by their own act they had placed themselves wholly beyond it; the relation of the parties and their rights being thus chánged by the complainants, the plea urged by the obligor in excuse would be irresistible. After the making of the bond, the obligors could not control the obligees from the changes they may have thought proper to put upon the record; and as touching this amendment, they were powerless, they could be saved from liability only by the salutary rules of law, which rejects the record for the variance. It is not intended, however, in the expression of these reasons, to find the delivery of the bond on a day different from that averred; this, in our'view of the case, is unnecessary, for the whole case turns upon the other points of variance; which having been rightfully found by the circuit court, the judgment is affirmed.
Judgment affirmed.